**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA

vs.                                                            CASE NO.: 3:06cr120/MCR

LARRY BUD SIMPSON, JR.

_____/

**O R D E R**

  Defendant was sentenced in this cause on February 15, 2007, and the case is presently pending before the United States Court of Appeals.  Defendant has now filed in this court his Motion for Permission to Appeal In Forma Pauperis and Affidavit dated March 15, 2007.  (Doc. 46).  Defendant is represented by retained counsel, Clinton Couch.  Defendant's motion indicates "No fees have been paid to anyone to prosecute this appeal.  I cannot afford to retain a private lawyer for the appeal."[1]  Though no request for appointment of appellate counsel is made, it is unclear to the court whether Defendant is seeking appointment of counsel and/or fees for his retained counsel in addition to appellate docket fees and transcription costs.

  Pursuant to Local Rule 11.1(G)(2), if a defendant moves the court to proceed on appeal *in forma pauperis* and/or for appointment of Criminal Justice Act appellate counsel, counsel retained for trial will be required to fully disclose in camera (a) the attorney's fee agreement and the total amount of such fees and costs paid to date, in cash or otherwise; (b) by whom fees and costs were paid; (c)  any fees and costs remaining unpaid and the complete terms of agreements concerning payment thereof; (d) the costs actually incurred to date; and (e) a detailed description of services actually rendered to date, including a

---

[1] The Eleventh Circuit Transcript Information Form filed by defense counsel on March 15, 2007, indicates the transcripts requested are ordered pending the authorization and granting of Defendant's Motion for Permission to Appeal In Forma Pauperis.

record of the itemized time (to the nearest 1/10 of an hour) for each service, both in-court and out-of-court, and the total time. All such information submitted will be viewed <u>in camera</u> by the court for the purpose of deciding the defendant's motion and will be a part of the record (sealed if requested) in the case.

Therefore, before the court rules on the pending motion, counsel for defendant shall submit the information required under Local Rule 11.1(G)(2) within ten (10) days of the entry of this order. Additionally, counsel shall clarify whether defendant seeks appointment of counsel in addition to appellate docket fees and transcription costs.

**DONE and ORDERED** this 26th day of March, 2007.

                              *s/ M. Casey Rodgers*
                              **M. CASEY RODGERS**
                              **UNITED STATES DISTRICT COURT**

Case No.: 3:06cr120/MCR